UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON DAILEY,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN SMITH,<br><br>    Respondent. | No. 2:24-cv-2249-TLN-SCR<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Currently pending before the court is respondent's motion to dismiss the § 2254 petition because it contains one unexhausted claim for relief. ECF No. 9. Petitioner filed an opposition to the motion as well as a separate request for a stay and abeyance. ECF Nos. 12, 16. Respondent submitted an untimely opposition to the motion for a stay along with a request to deem it timely filed. ECF No. 17. Petitioner opposes the request to file a late response, but also filed a substantive reply to respondent's opposition. ECF No. 18. The undersigned recommends denying the pending motions as moot based on the recent exhaustion of claim five in petitioner's § 2254 petition.

1

**I.      Factual and Procedural History**

A Sacramento County jury convicted petitioner of the second degree murder of his uncle and found a sentencing enhancement to be true. ECF No. 1 at 1-2. On October 9, 2020, the Sacramento County Superior Court sentenced petitioner to an indeterminate term of 35 years to life in prison. ECF No. 11-1 at 1-2 (Abstract of Judgment).

The California Court of Appeal affirmed the judgment on February 22, 2023. ECF No. 11-2 (Direct Appeal Opinion). The California Supreme Court denied the petition for review, which raised eight separate claims for relief, on May 17, 2023. ECF Nos. 11-3, 11-4.

On August 14, 2024, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 raising nine constitutional grounds for relief.[1] ECF No. 1. In claim one, petitioner asserts that the prosecution's cross-examination and argument based on his post-arrest silence violated his Fifth and Fourteenth Amendment rights against self-incrimination, due process, and a fair trial. Next, petitioner contends that the trial court's exclusion of evidence essential to his self-defense claim violated his Sixth and Fourteenth Amendment rights to present a defense, due process, and a fair trial. Third, petitioner alleges that the trial court's limitation on his cross-examination and admission of relevant evidence violated his Sixth and Fourteenth Amendment rights. Next, petitioner asserts that he was denied his rights to due process and a fair trial when the prosecution introduced inadmissible and prejudicial gang references because his case was not gang related. In his fifth claim, petitioner contends that his rights to due process and a fair trial were violated based on the trial court's evidentiary rulings allowing inadmissible hearsay to impeach witnesses Jovonn Dailey and Alma Jean Dailey-Bell. Petitioner raises a prosecutorial misconduct claim as ground six of his § 2254 petition. Next, in claim seven, petitioner contends that his trial lawyer was ineffective to the extent that he failed to object to the prosecutorial misconduct. In claim eight, petitioner alleges that the trial court erred in instructing the jury with a consciousness of guilt instruction because it singled out petitioner's testimony. Finally, petitioner asserts that he is entitled to relief based on cumulative trial errors.

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

On December 16, 2024, respondent filed a motion to dismiss claim five of the pending § 2254 petition because it had not been presented to the California Supreme Court and was thus unexhausted. ECF No. 9. Respondent attached a copy of the petition for review filed in the California Supreme Court, which did not include claim five of the pending § 2254 petition. See ECF No. 11-3.

In response to the motion to dismiss, petitioner filed a motion for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005), to allow the California Supreme Court to rule on his pending state habeas petition. ECF No. 16 at 6. Petitioner attached a copy of his state habeas petition, which raises a due process challenge to the trial court's evidentiary rulings allowing the prosecution to introduce inadmissible hearsay during the cross-examination of witnesses Alma Jean Dailey-Bell and Jovonn Dailey. ECF No. 16 at 15. Respondent submits that petitioner has not met the requirements for a Rhines stay. ECF No. 17.

## II.     Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

## III.     Analysis

In this case, the court need not resolve whether petitioner is entitled to a Rhines stay and abeyance because he has now fully exhausted claim five of his § 2254 petition. On July 30, 2025,

3

1  the California Supreme Court denied petitioner's state habeas corpus application raising his due
2  process challenge to the trial court's admission of impeachment evidence of witnesses Jovonn
3  Dailey and Alma Jean Dailey-Bell.  See California Appellate Courts Case Information, Dailey on
4  Habeas Corpus, Case No. S290098 (denied on July 30, 2025), available at https://perma.cc/9STP-
5  ZB3A (last visited Aug. 4, 2025).[2]  In light of the California Supreme Court's ruling, the
6  undersigned finds that petitioner has properly exhausted claim five of his pending § 2254 petition.
7  Therefore, respondent's motion to dismiss as well as petitioner's motion for a stay are moot and
8  should be denied on that basis.

**IV.     Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on the recent California Supreme Court decision denying petitioner's state habeas application, the undersigned recommends denying respondent's motion to dismiss as moot.  Since claim five has been properly presented to the California Supreme Court, the motion for a stay and abeyance of this federal habeas proceeding is also moot.  If these recommendations are adopted by the district judge, the § 2254 petition will proceed to the merits.

If you disagree with this recommendation, you have 21 days to explain why it is not correct.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will make the final decision.

Accordingly, IT IS HEREBY ORDERED that respondent's request to file an untimely opposition to petitioner's motion to stay (ECF No. 17) is granted.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) based on petitioner's failure to exhaust his state court remedies be denied as moot.

2. Petitioner's motion for a stay and abeyance of these proceedings (ECF No. 16) also be

---

[2]  The court takes judicial notice of the California Supreme Court's online docket pursuant to Rule 201 of the Federal Rules of Evidence.

1  denied as moot based on the California Supreme Court's denial of petitioner's state habeas corpus
2  petition.
3      3. This matter be referred back to the magistrate judge for further proceedings.
4      These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
9  objections shall be served and filed within fourteen days after service of the objections.  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: August 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5